The question whether the act passed May 27th, 1853 (ch. 283), conferring power upon the defendant to subscribe for stock in the Ogdensburgh, Clayton and Rome Railroad *Page 21 
Company is constitutional and valid, was decided by this court between these same parties against the defendant, at the last September term (18 N.Y., 33), and no question upon this ground is now made; nor upon the approval of the act by the electors of the village of Rome, pursuant to the 9th and 10th sections. The plaintiff, upon the trial, introduced in evidence the certificate of the Commissioners of the Railroad Fund of Rome, which was in all respects as required by the 11th section of the act, but gave no further evidence showing that $500,000 had been subscribed to the stock of the railroad company prior to the issuing of the bond and coupon in suit, by the commissioners. The defendant moved for a nonsuit, upon the ground that there was no proof that $500,000 had been subscribed to the stock of the said company. The motion was denied by the court, and the defendant excepted. The defendant offered proof tending to show that $500,000 of valid subscriptions had not, in fact, been made to the capital stock of the railroad, which evidence was rejected, and the defendant excepted.
By the 11th section of the act it is provided that the Commissioners of the Railroad Fund of Rome shall have no power or authority to negotiate, sell or transfer the bonds issued under the act, except upon the express condition that $500,000 shall have been first subscribed to the capital stock of the railroad company, exclusive of the subscription thereto by the defendant; and that said commissioners, before negotiating, c., any of said bonds, should make and subscribe a certificate, in writing, that such subscription had actually been made, and, in their judgment and belief, in good faith, and by persons of ability sufficient to pay their subscriptions in full, and that such certificate should be filed with the clerk of the board of trustees of the village of Rome. The exception of the defendant to the refusal of the judge to nonsuit the plaintiff presents the question whether the certificate of the commissioners is any competent evidence that the subscription to the capital stock of the railroad company had been made as required by the 11th section; and the exception *Page 22 
to the rejection of the proof offered by the defendant, the further question whether such certificate was conclusive evidence that such subscription had been made. Upon looking at the various provisions of the act in question, it will be seen that the object of the Legislature was to enable the defendant to aid in the construction of the railroad specified in the act, and to protect the people from being involved in an abortive enterprise. To accomplish this, authority is given to issue the bonds of the defendant as prescribed in the act, when, among other things, $500,000, exclusive of the defendant's subscription, should have been in good faith subscribed to the capital stock of the railroad company, by persons of sufficient ability to pay their subscriptions in full. A certificate of those facts is to be made by the commissioners and filed with the clerk of the board of trustees. The commissioners are, by the 4th section of the act, made subject to the control of the board of trustees of the defendant in the performance of their duties, and responsible to them for the faithful discharge thereof. The good faith of the subscriptions and the ability of the subscribers to pay are obviously of at least equal importance to the defendant as the formal making of the subscriptions; and yet the act is entirely silent as to these particulars, except in the requisites of the certificate of the commissioners. Their certificate is the only evidence required of these facts. Why require the commissioners to certify to the amount of subscriptions at all, if no effect is to be given to the certificate, when made? It cannot be said, if this be so, that they would be liable to the defendant for making a false certificate. The defendant would not, in that case, be liable upon the bonds, and consequently would sustain no damage. I think if anything more than the certificate of the commissioners, as to the subscriptions, their quality or amount, had been deemed necessary by the Legislature for the protection of the village of Rome, the act would have provided for it. It was contemplated by the act that the bonds should be sold in the market. This would be impracticable if every purchaser must at his peril investigate the amount of *Page 23 
the subscriptions and ascertain whether each was valid. I think that the true construction of section 11 makes the certificate of the commissioners conclusive evidence of the amount as well as quality of the subscriptions to the stock of the railroad, as between the defendant and the holder of the bonds issued by virtue of the act. The judgment should therefore be affirmed.