Denio, Ch. J.
The question of fact, whether the plaintiff ' was the purchaser of the instruments in question, or whether the purchase was by him in conjunction with certain of his *499 relatives, was conclusively settled by the referee, whose judgment in that respect is not open to review by us. It cannot be said that a nonsuit should have been granted for a defect of proof on that part of the case; for the plaintiff swore distinctly that he made the purchase, and that the obligations were his property. It is, certainly, possible that, if the facts connected with the purchase were all disclosed, it might appear that other parties were interested in the purchase, and that they together took a joint title to the securities. This, if established,, would show a defect of parties plaintiff, and enable the defendant to prevail on a question of form; but the point, as has been remarked, has been settled against the defendant by the tribunal entitled to pass conclusively upon such questions.
The questions of law which the appeal presents are, whether the instruments are commercial paper, so as to be negotiable, and .whether they were legally negotiated by delivery under the blank assignment. These might, have been very grave questions in this State a few years ago. But they have been settled against the defendant in this State by a series of decisions which it is impossible, at this day, to depart from.
In The State of Illinois v. Delafield (8 Paige, 527), and the same case, on appeal, in the Court for the Correction of Errors (2 Hill, 159), it was held that the bonds of the State of Illinois, executed under the seal of that State, were negotiable securities in such a sense as that a purchaser would acquire a title superior to that of the party to whom they were originally issued,- and an injunction against transferring them was granted by the Court of Chancery, and sustained by that court and the Court of Errors on that precise ground. These cases were referred to with approval in this court in The Mechanics' Bank of New York v. The New York and New Haven Railroad Company (3 Kern., 599, 626). The Bank of Rome v. The Village of Rome, was an action brought on certain bonds issued under the defendant’s corporate seal, and they were held to be negotiable; and a defence sought to be set up against the plaintiff, who was a Iona fide holder, was excluded, though it would *500 have been available against the original party. (19 N. Y., 20.) The instruments in question in the cases cited were not, it is true, the bonds of a railroad corporation, but they were under the corporate seal of the maker. No distinction can be made between such corporations and those which are created for governmental or municipal purposes. The point of objection,' when it is sought to bring such securities within the law of commercial paper, is that, being under. seal, they are deeds, and commercial instruments are simple contracts. But when such obligations are issued to secure the payment of ihoney upon time, and contain on their face an expression showing that they are expected to pass from one person to another, and thus to perform the office of bills and notes or of money, as the words “bearer,” or “assigns,” or “the holder,” or the like, the courts of this country, with a single exception, and those of this State, without any exception, have concurred in attaching to them the attributes of commercial paper. The case of White v. The Vermont and Massachusetts Railroad Company (21 How. U. S., 575), was an action to recover on a bond issued by a railroad corporation, the payee’s or obligee’s name being left blank. It was. held that the instrument was negotiable, and that the plaintiff, to whom it had been transferred, might insert his own name in the blank. The exceptional case, which has been alluded to, is Diamond v. Lawrence County (37 Penn., 351). The court held that a bond like the one before us, except that it was payable to bearer, was not negotiable; but the learned judge who delivered the opinion of the court admitted in express terms that all the courts, American and English, were'against him. " Whether this admission was not rather too broad as respects some of the English tribunals, nray be questioned; but as we feel bound to follow the ' judgment of the courts of this State, it will not be useful to criticise the cases which have been adjudged 'elsewhere.
Having come to the conclusion that the instruments are negotiable paper, in the nature of promissory notes, it follows inevitably that the blank assignment signed by the payee was a sufficient transfer of them, and that the plaintiff was entitled *501 to insert his own name in the blank (Van Duzer v. Howe, 21 N. Y., 531; Edwards on Bills, 275); and also that the defendant could not be allowed a set-off against the payee without establishing that the plaintiff was not a bona fide holder. The result is, that the judgment of the Supreme Court must be affirmed.
All the judges concurring,
Judgment affirmed.