## SUPREME COURT.

Isaac M. Lindsley, administrator of Almon Lindsley agt. Solomon Diefendorf, Frederick Diefendorf.

A *county bond* issued to the obligee *or bearer* possesses all the elements of commercial paper, and is subject to all the rules which pertain to commercial paper, and a purchaser and holder thereof, is entitled to all the rights which attach to negotiable instruments.

A purchaser of such a bond, in good faith, for full value, and without notice, possesses a perfect title thereto by delivery.

An action and an *injunction order* restraining the party in possession of such bond from negotiating or disposing of it, is not notice to a subsequent *bona fide* purchaser for value, in the nature of *lis pendens* at common law, as such notice does not apply to commercial paper, the title to which passes from hand to hand by delivery.

*Oswego Circuit, July,* 1872.

Jury waived, and tried before the court.

Almon Lindsley died intestate, May 10, 1867.

Letters of administration were issued May 14, 1867, to Isaac M. Lindsley, plaintiff.

An action was brought by the plaintiff, as administrator, against Almon E. Lindsley to recover possession of certain securities of the deceased, among which was the Oswego county bond, numbered 224, for $500. The summons and complaint were personally served 18th May, 1867, and the same day a copy of an injunction order on that suit restraining the disposal of said securities, was served on Almon E. Lindsley.

Issue was joined on that action, and it was referred, and resulted in a judgment in favor of the plaintiff, entered January 30, 1869, declaring the bill of sale of 6th March, 1867, executed to Almon E. Lindsley by his father, Almon

Lindsley, void, and that no title passed to said securities, and that the administrator was entitled to the possession thereof, or a judgment for their value. March 6, 1868, in Parish, the said Almon E. Lindsley in company with Mary McKinny called upon the defendants and offered to sell the Oswego County bond, number 224, and said Mary produced the bond and negotiated the sale thereof to Heelly B. Eldred, an aged widow lady, then residing with the defendants.

Mrs. Eldred purchased the bond for full value, and without any express notice, information or knowledge of any infirmity in the title of the party offering and selling the same to her, and she retained possession thereof until March 28, 1870, when she caused the same to be delivered to the Merchants' Union Express Co., at Mexico, to be presented in New York, for payment at the place where the same was made payable.

The express company collected the bond and returned the proceeds thereof to its agent at Mexico, and while in his possession said proceeds were taken, in virtue of replevin papers in this action, by the sheriff, and this action involves the title to said proceeds of said bond.

The bond was issued 1st October, 1864, by the county of Oswego, pursuant to chapter 886 of the laws of 1864, payable April 1, 1870, and was sealed with the seal of said county, and made payable to Almon Lindsley or bearer, and had attached ordinary warrants for interest.

J. C. Churchell, *for plaintiff.*
Cyrus Whitney, *for defendant.*

Hardin, *J.*—By section 6, of chapter 8, of the laws of 1864, the bond (the proceeds of which are involved in this action) was authorized, and was issued payable April 1, 1870, and was made payable to the name of the obligee or bearer.

It was negotiable by delivery, and was of a class of securities that of later years have become very numerous, passing

from hand to hand by delivery, and sold openly in the market daily.

It possessed all the elements of commercial paper, and is subject to all the rules which pertain to commercial paper, and purchasers and holders thereof are entitled to all the rights which attach to negotiable instruments.

These principles are too well settled by authority in this state to admit of discussion or question (8 *Paige*, 527; 2 *Hill*, 159; 21 *How. U. S.*, 575; 10 *Bosw.*, 332; 19 *N. Y.*, 20; 22 *N. Y.*, 114; 25 *N. Y.*, 496).

The principles which have been established as to commercial paper were restated, and the stringency of the rules reasserted by the court of appeals in 1866, (34 *N. Y.*, 247).

The purchase of the bond in question by Mrs. Eldred, being for full value, and without any notice or knowledge of an infirmity in the title, she became the owner thereof *bona fide*; and the question whether she took it with due care and caution does not arise (34 *Barb.*, 436 & 443; 34 *N. Y.*, 247).

And being a purchaser in good faith, she acquired the title to the bond, even against the plaintiff. (39 *N. Y.* 446; 40 *N. Y.*, 456).

But the plaintiff insists that the action brought by him against Almon E. Lindsley, and the injunction order and proceedings therein, were a notice to the purchaser, and invokes the principle of *pendente lite nihil innovitur*, but that cannot aid the plaintiff.

By the Code, section 132, *lis pendens* may be filed in actions relating to real estate.

But by common law *lis pendens* applies to all estates, and is a general notice of an equity to all the world.

It was a rule adopted for great public utility, and its application sometimes produces great hardship, nevertheless, in all cases coming within its principles, it is the duty of the court to apply it (1 *Johns. Ch.*, 576), and this principle is in harmony with the doctrine, that a purchaser of a chose in

action takes it subject to all the equities it was subjected to in the hands of the assignor.

Recognizing the general principle cited by the plaintiff's counsel, and as it is fully stated in 1 *Johns. Ch.*, 576, & 2 *Johns. Ch.*, 541, and reaffirmed in the very learned opinion of Mr. Justice FOSTER in 48 *Barb.*, 640 ; yet, it must be deemed inapplicable to this case. It does not apply to purchasers of negotiable paper.

No case has been cited by the learned counsel for the plaintiff where it was applied to that class of securities.

The case in 48 *Barb.*, 640, was in reference to bank stock. It is now well settled that stocks of that kind are not within the principles applicable to bonds like the one involved in this action. Certificates of stock do not possess the character of negotiable instruments, and the purchasers thereof take the same subject to the equities which existed and might have been available against the assignor (*Mechanics' Bank* agt. *New Haven R.R. Co.*, 3 *Kern.*, 600).

The equities attend the title though transferred to a subsequent assignee for value and without notice (*Bush* agt. *Lathrop*, 22 *N. Y.*, 535 ; *Mason* agt. *Lord*, 40 *N. Y.*, 487 ; *Bullard* agt. *Burgitt*, 40 *N. Y.*, 314; *McNeel* agt. *Tenth National Bank*, 55 *Barb.*, 59).

Though this latter case has been lately reversed by the court of appeals, it is not upon the proposition applicable in this case (46 *N. Y.*, 325).

It follows, therefore, that the plaintiff has failed to show actual or constructive notice to Mrs. Eldred, and that she got a good and valid title in the bond so purchased by her, and the defendants as her agents were entitled to possession of the proceeds thereof, discharged of any claim thereto by the plaintiff, and that judgment in this action must be given for the defendants.