NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
March, 1880.

## JAMES *v.* BEESLY.

*In the matter of the estate of* JOHN H. JAMES, *deceased.*

A judgment for deficiency against the representatives of the deceased is not a preferred claim under § 37, 3 *R. S.* (6 ed.), 95. This section applies only to judgments against the deceased personally.

Real estate devised to the widow until her death or remarriage, and then

directed to be sold, does not constitute assets in the hands of an executor. He has no control of such real estate until such death or remarriage.

Execution cannot issue against the real estate of the deceased upon a judgment for deficiency recovered against his representatives. To authorize such a proceeding, the judgment must have been recovered against the decedent in his lifetime.

THIS is a motion for leave to issue an execution.

The petition of Sarah L. James, the widow of decedent, represents that one Mary J. Munson and others brought a suit in the Supreme Court, against Joseph Beesly and James D. Bird, as executors and trustees under the will of decedent, and all parties interested in his estate, for the foreclosure of a mortgage made by decedent; and on November 20, 1879, after a trial upon the merits, recovered a judgment (for deficiency) for $308.16, against the said Beesly and Bird, as aforesaid, which judgment was entered and docketed with the clerk of this county on the same day, the judgment roll being filed April 24, 1879, and has been assigned by said plaintiffs to the petitioner, who is now the owner thereof, and that the same remains in full force, unpaid.

That on or about November 11, 1875, a decree of the Surrogate was made in the matter of the final accounting of said executors, approving and settling their account, and ordering distribution of the property in their hands. That after such distribution they retained, and still have in their hands, "in accordance with and as trustees under" the will, some of the personal property, believed not to be sufficient to satisfy the said judgment.

That at his death decedent was seized in fee of considerable real estate, situated in the city of New York, which was devised to petitioner as his widow until her

death, or remarriage; on the occurrence of either of which events, said trustees were directed to convert the same into personalty, and distribute it as provided by the will; that she has not parted with said life estate, or remarrried, but is now possessed of said real estate under the will, and asks, after citation of the executors, that an order be entered herein, directing an execution to be issued on said judgment.

By way of answer the executors and trustees state that they have no other real or personal property in their possession belonging to the estate than the sum of $140.31 in cash, held in trust; that they are indebted to their attorneys in the sum of about $50; that there are mortgages on portions of the real estate, one or more of which is for more than the market value of the property mortgaged. That in case of the foreclosure of these mortgages, judgments for deficiency will probably result, to satisfy which any funds or property of the estate may be liable, and that, until the said mortgages are paid, or it is definitely ascertained that the mortgaged property is sufficient to pay them, the funds so in their hands should not be wholly applied upon the petitioner's judgment; that they are likely to be subject to some further expenses, and to be entitled to commissions as trustees, and should be allowed to retain the said sum to meet the same.

The petitioner replies that there is a sufficient sum deposited in the United States Trust Company to pay this judgment and secure the trustees' commissions, and which is liable to pay this judgment, and denies that there are other claims having preference over this claim.

Other questions are raised by counsel in their answer and reply, not material to the issue.

EDWARD S. HATCH, *for petitioner.*

TOWNSEND WANDELL, *for executors and trustees.*

THE SURROGATE.—From the showing in this case, I am not able to say that there are any assets in the hands of the executor, applicable to the payment of the judgment in question; and in order to determine the question, it would seem to be necessary to require the executor to file an account of his proceedings. Some reference is made by the rejoinder of the petitioner to a fund alleged to be in the trust company under the control of the executor, which control is denied by the executor; but it nowhere appears in the petition, answer or reply from whence the fund was derived, nor can I say that it is applicable to the payment of the petitioner's judgment.

The petitioner's counsel seems to have fallen into two obvious errors; *first*, in supposing that this judgment has any preference over ordinary claims against the estate. This is not a judgment against the deceased, which would entitle it to a preference, but against his representatives (subd. 3, § 37, 3 *R. S.* [6 ed.], 95); *second*, he seems to assume that the real estate now held by the widow, the petitioner, constitutes assets in the hands of the executor, which is altogether erroneous. It is true, that in some cases, where real estate is directed to be sold by executors, it will be regarded as personal property; but not even then is it assets in the hands of an executor. But where there is no power of sale

conferred upon the executor until the death or remarriage of the widow, who is by the terms of the will the devisee of the same, the executor has no control of such real estate until such death or remarriage. The only mode he can acquire jurisdiction over it is by applying to the Surrogate, to mortgage, lease or sell the same, for the purpose of paying debts of the decedent.

Another error into which the petitioner's counsel seems to have fallen, is that execution upon such a judgment may issue against, and levy upon, the real estate of the decedent. This can only be done upon a judgment docketed against the decedent in his lifetime.

It is entirely clear that the executors are not the grantees of a power in trust under this will, as to the real estate in question, which can be exercised before the remarriage or death of the widow, as argued by petitioner's counsel. It is also clear that 3 *R. S.* (6 ed.), 629, has no application to this case, because the executors, as has already been stated, will not hold the land in question in trust for the use of another, until after the remarriage or death of the widow. And even then the section would have no application to this cas for that section only provides that the land so held in trust woul be liable to debts, &c., against the person to whose use they were holden, which, in this case, would be the remaindermen under the will ; and certainly there can be no pretext that the judgment in question is against them.

The motion, therefore, must be denied.

Ordered accordingly.