## SILAS D. GIFFORD, RESPONDENT, *v.* THE TOWN OF WHITE PLAINS, APPELLANT.

*Principal and agent — Estoppel — when a town is estopped from denying the authority of its agent, as to an act within the apparent scope of its powers.*

On May 31, 1877, the board of town officers, under the authority conferred by chapter 193 of 1877, directed the supervisor of the town of White Plains to raise the amount of taxes remaining unpaid, as shown by the return of the collector, less the amount then in his hands applicable to the payment of such taxes, upon certificates of indebtedness. The unpaid tax then amounted to $6,526.88. In the latter part of May, 1877, the plaintiff received, directly from the supervisor, a certificate for $500, issued in due form and made payable to the supervisor or order. In an action brought by him to recover the amount due upon the said certificate, it appeared that at the time it was issued, the supervisor had already issued certificates to the amount of $6,000, and had paid to the county treasurer the whole amount returned for unpaid taxes, with the proceeds of such certificates and other moneys in his hands applicable to that purpose.

*Held,* that although the resolution might be sufficient to put the plaintiff on inquiry as to the authority of the supervisor, yet as he was himself the proper person of whom to make inquiry, the town was, as against the plaintiff, who was a *bona fide* holder of the certificate, estopped from setting up the lack of authority in its agent to issue it, upon the principle that where a power is conferred, if the agent does an act which is apparently within the terms of the power, the principal is bound by the representations of the agent as to the existence of any extrinsic facts essential to the proper exercise of the power, when such facts rest peculiarly within the knowledge of the agent.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover $500 and interest upon a certificate of indebtedness of the town of White Plains, alleged to have been issued and negotiated by the supervisor under the provisions of section 2 of chapter 193 of the Laws of 1877.

That portion of section 2 which is material to the consideration of this case, reads as follows, viz.:

SECTION 2. Whenever the supervisor shall receive from the collector or receiver of taxes an account of unpaid taxes as required in the next preceding section, he shall, on or before the first day of May next thereafter, under the direction and authority of a board composed of such supervisor, the justices of the peace and town

clerk of the town, or a majority of them, borrow upon the credit of the town a sum not exceeding the amount of unpaid taxes so returned. For the sum so borrowed he shall issue in the name and under the seal of the town the bonds or certificates of indebtedness thereof, signed by such supervisor and countersigned by the town clerk, the same to bear interest at not more than the rate of seven per cent per annum, to be in amounts not more than one thousand nor less than one hundred dollars each, to be payable at such time as shall be determined by said board, not longer than one year from the date thereof, and to be disposed of by such supervisor for not less than the par value thereof. A record of such bonds and of the amount and time of payment thereof shall be kept by the town clerk. The supervisor shall pay to the county treasurer the amount of unpaid taxes included in such return, and such taxes with the interest, per centage and expenses shall be collected as hereinafter provided.

*Elisha P. Ferris*, for the appellant.

*Wilson Brown, Jr.*, for the respondent.

GILBERT, J. :

The act of April 28, 1877, required the collector of taxes to make a return on oath to the supervisor of the town of all taxes remaining unpaid at the time of such return, and required the supervisor, whenever he should receive from the collector or receiver of taxes an account of such unpaid taxes under the direction and authority of a board composed of himself, the justices of the peace and town clerk of the town, to borrow on or before the first day of May next thereafter upon the credit of the town a sum not exceeding the amount of unpaid taxes so returned, and to pay said amount to the county treasurer. (Laws 1877, chap. 193, §§ 1, 2, 3.) The amount of taxes remaining unpaid, as shown by the return of the collector made pursuant to the foregoing requirement, was $6,526.88. The board of town officers provided by the statute on the 31st of May, 1877, directed the supervisor to raise the amount aforesaid, less the amount then in his hands applicable to the payment of unpaid taxes, upon certificates of indebtedness of the town. Accordingly certificates in proper form were issued, one of which is the

one in suit. That certificate was payable to the supervisor or order and was received by the plaintiff directly from the supervisor in the latter part of July, 1877. It appears that at that time certificates amounting to $6,000 had been issued, and that the supervisor had paid to the county treasurer the whole of the amount so returned for unpaid taxes with the proceeds of such certificates and other moneys in his hands applicable to that purpose. The issuing of the plaintiff's certificate, therefore, was a breach of duty on the part of the supervisor, and was an act in violation of the direction of the board of town officers.

The certificate, however, was negotiable by delivery, and the plaintiff received it in good faith for value, and without actual notice of the facts which tend to invalidate the instrument. The limitations of the authority of the supervisor in respect to the amount of certificates to be issued was, perhaps, sufficient to put the plaintiff upon inquiry as to the extent of such authority. Assuming that to be so, yet the proper person of whom the inquiry should be made was the supervisor himself. He was an officer of the town. Although his authority to issue the certificate was derived from the statute of 1877, yet his acts done in performance of such authority and within its apparent scope were, as respects the plaintiff, corporate acts, and were binding upon the town as principal.

The issuing of the certificate held by the plaintiff was equivalent to a declaration by the supervisor that he had not transcended the limitation contained in the resolution of the board of town officers. There were no public records by an inspection of which the plaintiff might have ascertained that the supervisor had exceeded that limitation, nor were the entries in the account kept by the supervisor, showing that fact, made until after the plaintiff had loaned his money on the faith of the certificate. Moreover, the certificate itself contained a recital that it was issued under and in pursuance of the act of 1877 and the resolution of the board of town officers of the town of White Plains. Under such circumstances we think the town is estopped from setting up against a *bona fide* holder the lack of authority in its agent to issue the certificate, upon the principle that where a power is conferred, if the agent does an act which is apparently within the terms of the power, the principal is

bound by the representation of the agent as to the existence of any extrinsic facts essential to the proper exercise of the power, when such facts rest peculiarly within the knowledge of the agent. (*Farmers' and M. Bk.* v. *Butchers' and D. Bk.*, 16 N. Y., 125.) When the resolution of the board of town officers was passed the supervisor alone knew what amount was in his hands applicable to the payment of unpaid taxes. That board therefore vested him with the power of determining what sum applicable to the payment of unpaid taxes was in his hands. His determination was manifested by the issuing of the certificate, and by the recital therein before referred to, and it was to the effect that he had not in his hands such an amount as would show that he had transcended his authority by issuing the certificate. The town is bound to the plaintiff by that representation, although in point of fact it was false and fraudulently made, by the rules which govern negotiable instruments, and also upon the principle of estoppel *in pais.* The latter principle implies an act in itself invalid, and rests upon the equitable consideration that where one of two innocent parties must suffer through the misconduct of another, he who employed the latter should be the loser. (*Hern* v. *Nichols*, 1 Salk., 289; *Swan* v. *North Brit. and A. Co.*, 7 H. & N., 603; *Bank of Rome* v. *Village of Rome*, 19 N. Y., 20; *Gelpcke* v. *City of Dubuque*, 1 Wall., 203; *Comrs.* v. *Aspinwall*, 21 How. [U. S.], 545; *St. Joseph* v. *Rogers*, 16 Wall., 659; *Lynde* v. *The County*, Id., 13; *Com's.* v. *Clark*, 4 Otto, 287.)

The supervisor was authorized to issue the certificates during the period running from the time when he received from the collector an account of unpaid taxes until the first day of May thereafter; such is the language of the act of 1877. Nor did the act require the registration of the certificates as a condition precedent to the issuing thereof. On the contrary, only certificates which had been issued were required to be registered.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.