In the Matter of the Distribution of the Proceeds, etc., of the Estate of PETER G. FOX, deceased.

During the pendency of an action against an executor for misappropriation of moneys belonging to the estate, he died and his executor was substituted as party defendant. Judgment was recovered, which the defendant was directed to pay out of the estate; costs were also given, which were directed to be paid in like manner. The real estate of the deceased executor was sold by order of the surrogate. *Held,* that in the distribution of the proceeds said judgment creditor was not entitled to a preference for the damages recovered over the other creditors of the decedent, but was entitled to share *pro rata ;* and that the surrogate properly disallowed the costs, as a claim, payable out of such proceeds. (Code of Civil Procedure, §§ 2756, 2757.)

(Argued March 16, 1883 ; decided March 27, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made May 2, 1882, which affirmed a decree of the surrogate of Montgomery county, directing as to the distribution of the proceeds of sale of the real estate of the decedent above named.

The facts, so far as material, are stated in the opinion.

*D. C. Calvin* for appellant. The court had power to restore to plaintiff, from the estate of the testator of the present defendant, the amount of which he had been defrauded. (*French's Case*, 4 Co. 31; Gr. & Rud. 405; Story's Eq. Jur., § 266, note 2; Paulus Dig. L. 17, fr. 141; Ulpian Dig. id. 134, § 1; Gothofred, the Div. Reg. Jur. c. xxxiv, § 1; Paulus Dig. 17, fr. 15; v. Gothofred, the Div. Reg. Jur. xv; Paulus Dig. vi, 1, fr. 27, § 3; 7 Co. 19; Bracton, lib. iii, c. 3, § 5, fol. 102 *a*; 1 Story's Eq. Jur., § 553, note 2.) The surrogate's decree was erroneous in disallowing to be paid to the plaintiff from the same fund, "any part of his costs recovered in his judgment against the executor.", (Code of Civil Procedure, §§ 2756, 2757.)

*L. M. Weller* for respondent. Where a judgment has been rendered against an executor for a debt due from the decedent, the debt for which the judgment was rendered cannot be allowed, as against the real estate of the decedent, in proceedings before the surrogate to sell the same for the payment of debts at any greater sum than the amount recovered exclusive of costs. (Code of Civil Procedure, §§ 2756, 2757; 4 R. S. [Edm. ed.] 499, § 72; *Burnham* v. *Harrison*, 3 Redf. 345; *Sanford* v. *Granger*, 12 Barb. 392–403; *Colson* v. *Brainard*, 1 Redf. 328; *Ferguson* v. *Broome*, 1 Bradf. 10; *Wood* v. *Byington*, 2 Barb. Ch. 57; Dayton on Surrogates [2d ed.], 559, 560.) Peter G. Fox being executor of an estate, by paying to another, as such executor, moneys which he should have paid to the appellant, became personally responsible to him. Still as respects the said Fox and his individual estate, it is only a simple contract debt, and the appellant can only take equally with the simple contract creditors of the said Fox. (*Carow* v. *Mowatt*, 2 Edw. Ch. 57; *Charlton* v. *Low*, 3 P. Wms. 330–331; *People, ex rel. Adams*, v. *Westbrook*, 61 How. Pr. 140.) The heirs and creditors of the decedent should have been made parties respondent to the appeal from the surrogate's decree. (Code of Civil Procedure, § 2573; *Patterson* v. *Hamilton*, 26 Hun, 665; *Brown* v. *Evans*, 34 Barb. 594; *People* v. *Com.*

*Council of Troy*, 82 N. Y. 575–6; *People* v. *Clark*, 70 id. 520; *Kilmer* v. *Bradley*, 80 id. 630.)

MILLER, J.    The appellant brought an action against Peter G. Fox, executor, for the misappropriation of moneys received by him as such executor and obtained a judgment.    Fox having died before judgment was entered Jacob C. Nellis was substituted, as his executor, in his place as defendant, and the judgment declared that the estate of the said Peter G. Fox was liable therefor and his executor was directed to pay the same out of his estate by due course of administration, and also it was directed that the appellant recover against Nellis, the executor, costs and disbursements to be paid in like manner. Proceedings were instituted in the Surrogate's Court for the sale of the real estate, and an order was made directing such sale, which was had and the money realized therefor.    The surrogate also made an order for the distribution of such proceeds, and upon the hearing before him allowed the appellant the amount of the judgment obtained by him against the executor of Fox, together with the interest, and disallowed the costs and refused to allow a preference to the appellant over the other creditors.

Upon the facts stated two questions arise.    First, whether the surrogate erred in not preferring the appellant as a creditor before the other creditors; and, second, whether the appellant was entitled to the costs incurred in obtaining the judgment against the executor.

In reference to the first question we think there is no ground upon which the recovery in question against the estate of Peter G. Fox was entitled to a preference over the other creditors of the deceased, and we think the judgment was not entitled to a preference over the creditors of the estate in the distribution of the funds realized from the sale of the real estate.    The plaintiff no doubt had a perfect right, if he had obtained judgment before the death of Peter G. Fox, to enforce the judgment, even against his person, but that fact does not confer a preference in favor of a judgment entered after the death of said

Fox against his executor. The statute provides for no preference in such a case, and therefore the appellant stands, in the proceedings before the surrogate, in the same position occupied by other creditors. The judgment, not having been docketed prior to the death of Peter G. Fox, did not become a lien upon his real estate, and therefore it is not apparent how the land of the deceased, which had been sold under the surrogate's order for the purpose of paying his debts, could be charged with the character of a trust-fund which gave such judgment the preference and priority over all other demands which were proved against said Fox's estate.

Even if it may be conceded that the estate or funds which Fox held in his hands as executor were impressed with the character of a trust-fund, that character would not follow the property which belonged to Fox at the time of his death. We think that this is not a case in which trust-funds which can be identified may be followed and appropriated to the payment of the demand of the *cestui que trust*.

The appellant's counsel claims that applying equitable rules and principles to the case considered, the court, under the authorities, has the power to appropriate the estate of the defendant to restore the rights of which the appellant has been deprived; that the action brought against the executor being a mixed action *in rem* to recover the trust-fund, and *in personam* to recover a penalty for the unjust detention of such fund, a court of equity will enforce the claim of the appellant as an existing lien upon the property. We are unable to discover in what way the rule insisted upon can be applied to the facts presented. The assets belonging to the estate of Peter G. Fox were not shown to be a part or parcel of the estate against which the appellant's claim existed, and it is very obvious that they cannot be regarded as constituting, in any sense, the thing itself so as to render them specific property intrusted into Fox's hands which may be appropriated to the payment of appellant's demand. The creditors of Peter G. Fox have rights which entitle them to the appropriation of his property to the payment of his debts equally and alike,

and upon no principle, in law or equity, can it be maintained that the property, belonging to creditors generally, and not shown to have constituted a portion of the estate of which Fox was the executor, can be applied to the payment of the appellant's demand in preference to other creditors. We do not see how the principle of subrogation of the property of the defendant in place of that which he held as executor can be applied to the case considered, under the authorities to which we have been referred, and there are no cases cited which hold any such doctrine, and it has not been held that under such circumstances property could be regarded to be for the benefit of the creditor as if it was the thing *in rem* which had been misappropriated and fraudulently disposed of. We do not think the surrogate in his decree sought to readjudicate the plaintiff's equities and lien, he merely disposed of and distributed the funds on hand which belonged to the estate of Fox in accordance with the provisions of law, and his decree was not in contravention of the judgment, but in accordance with the statutes under which he acted.

We think, after a careful consideration, there is no valid ground upon which the estate of Peter G. Fox could be held primarily liable for the appellant's demand in preference to other creditors, and the judgment in this respect was not erroneous.

As to the costs they were not a claim against Peter G. Fox prior to his decease, and the judgment being entered afterward, it is difficult to understand upon what ground they can be made such against his estate. It was not determined, prior to the judgment, that the costs were a claim against Fox, as it was uncertain which party would succeed or which would be liable for the payment of the costs. Under the Code of Civil Procedure no such costs can be allowed against an executor in a case like the one considered. (Code of Civil Procedure, §§ 2756, 2757.)

The order appealed from should be affirmed.

All concur.

Order affirmed.