LORINDA P. BENNETT, RESPONDENT, *v.* LUCY CRAIN, APPELLANT.

*Judgment against a surviving partner does not bind the real estate of the deceased partner — power of the surrogate to direct payment of such a judgment — a surrogate can only act when expressly authorized so to do by statute.*

On March 17, 1883, the plaintiff recovered a judgment against one Perry P. Crain, as the surviving partner of the firm of Almeron W. Crain & Son, upon a note given by the firm. Almeron W. Crain died on June 15, 1876, leaving a will by which he devised a piece of land owned by him to his widow, the defendant. Upon an execution issued upon the said judgment the land in question was sold by the sheriff to the plaintiff. Thereafter the plaintiff applied to the surrogate, who, after issuing a citation requiring the executor of A. W. Crain to show cause why payment of the balance of the plaintiff's claim should not be ordered, and hearing the parties, made a decree declaring the plaintiff's claim to be a valid demand against the estate of A. W. Crain, and ordered the executor to pay the same out of the assets. The decree having been filed in the clerk's office, and an execution issued thereon under the hand and seal of the surrogate to the sheriff, the land in question was sold to the plaintiff, to whom, on the 15th of April, 1885, the sheriff executed a deed of the land, reciting the proceedings under both the judgment and the decree.

Upon the application of the plaintiff an order was made by a county judge in summary proceedings awarding to the plaintiff the possession of the land and evicting therefrom the widow, who had occupied the premises since the death of her husband by consent of the executors, she having had no notice of the judgment or proceedings had before the surrogate.

*Held*, that the order should be reversed; that the surrogate had no jurisdiction to make the decree, and that the plaintiff acquired no title to the land under the sale upon either of the executions.

*People* v. *McAdam* (84 N. Y., 294) distinguished.

APPEAL from a final order of the county judge of Cortland county, made in summary proceedings, awarding to the plaintiff possession of land situated in Truxton, of which Almeron W. Crain died seized on the 15th day of June, 1876.

For about twenty years preceding his death Almeron W. Crain had been in partnership with Perry P. Crain, under the firm name of Almeron W. Crain & Son, and the firm made their promissory note of $1,000, payable to the plaintiff or bearer, on the 21st day of March, 1865, upon which note a judgment in this court was recovered against Perry P. Crain, as surviving partner, March 17, 1883, for $866.15, the balance due thereon, and execution issued on the judg-

ment and the land in question was sold by the sheriff of Cortland county and purchased by the plaintiff at sheriff's sale.

Almeron W. Crain left a will, which was duly admitted to probate on the 9th day of October, 1876. Perry W. Crain and Charles A. Pierce were appointed executors. The executors qualified. Plaintiff, after exhausting her remedy against the surviving partner to recover the balance of her debt, presented a petition to the surrogate, who issued a citation requiring the executors to show cause why payment of the plaintiff's claim should not be ordered, and on the return of the citation, and after hearing the parties, the surrogate made a decree declaring the plaintiff's claim to be a valid demand against the estate of Almeron W. Crain, deceased, and ordered his executors to pay the same out of the assets of said estate, and the decree was filed in the clerk's office and an execution issued under the hand and seal of the surrogate to the sheriff, who advertised and sold the interest of the testator of said executors in the land in question, and a certiffcate under such sale was recorded in the clerk's office on the 15th of June, 1884. On the 15th day of April, 1885, the sheriff executed his deed of the land to the plaintiff, reciting therein the proceedings under both the judgment in the Supreme Court and the decree of the surrogate. That deed was recorded on the 17th day of April, 1885. The defendant is the widow of Almeron W. Crain, and has occupied the premises since her husband's death by permission of Perry Crain and his co-executor, until she was evicted by the summary proceedings instituted before the county judge.

The will of the testator contained the following clause, viz.: " Second. I give and bequeath to my wife, Lucy Crain, the house and lot where I now reside, together with the household furniture and all the appurtenances thereto belonging, unconditionally. I also give and bequeath to my said wife, Lucy Crain, the use of all the remainder of my real estate and woolen machinery during her natural life; and if the said real estate and machinery shall fail to rent for a sum sufficient for her comfortable support and maintenance, then, and in that case, I order, direct and authorize that the amount may be raised either by mortgage or sale of the said property;" also, " Third. I give and bequeath to my son, Perry P. Crain, his heirs, executors, administrators and assigns, all the rest,

residue and remainder of my real and personal estate after paying the above-named legacies, hereby empowering, ordering and directing him to pay all my debts and collect all my dues, and to settle all demands for and against the several copartnerships with which I have heretofore been connected."

At the close of the proofs before the county judge the defendant moved to dismiss the proceedings on the "ground that the execution issued out of the Surrogate's Court did not confer jurisdiction upon the sheriff to levy upon and sell the premises mentioned herein, and that the proceedings had in the Surrogate's Court to obtain such execution were and are void and of no effect, and that the plaintiff's debt has no preference over any other creditor of the estate, and that the only means of obtaining payment of the claim is by proceeding in the Surrogate's Court to sell the real estate to pay debts and allow the other creditors to come in and obtain their *pro rata* share of the real estate." The motion was denied and the defendant excepted and the county judge issued his precept for the removal of the defendant from the premises mentioned in the petition to a constable, who removed the defendant according to the command of such precept. This appeal is from a final order made by the county judge, entered in the clerk's office June 13, 1885.

*A. P. & D. C. Smith*, for the appellant.

*I. H. Palmer*, for the respondent.

HARDIN, P. J. :

Appellant took title to the premises in question upon the death of Almeron W. Crain under his will, subject, however, to any equitable lien thereon which might arise in favor of the creditors of the deceased.

A recovery of a decree or judgment against the personal representatives, as such, created no lien upon the said real estate. (*In the Matter of the Estate of James*, 4 Redf., 236 ; *Lynch* v. *Patchen*, 3 Dem., 58.) The judgment against the personal representatives of the deceased was not obligatory upon the heirs-at-law, the widow or devisees of the testator. (*Sharpe* v. *Freeman*, 45 N. Y., 802.) Such a judgment is not sufficient to render the plaintiff a judgment creditor of the widow or heirs-at-law. (Id.)

The judgment or order which is authorized by section 2553 of the Code of Civil Procedure, is not a lien upon the real estate of the decedent. Such a judgment or decree may be enforced by an execution against the property of the party directed to make the payment. (Code of Civ. Pro., § 2554.) The defendant here was not such a party.

Whenever the surrogate goes beyond his statutory power, he exceeds his jurisdiction and his acts are not effectual in such case. (Code of Civ. Pro., § 2472.) His power over real estate of a testator or intestate, in respect to its sale, depends upon the statute, which authorizes proceedings to sell or mortgage, to enforce payment of debts in case there be not personal property applicable therefor. No such decree, as the statute referred to authorizes, was held by the respondent, who recovered a decree declaring her claim valid against the estate of A. W. Crain, deceased, " and that the executors shall pay the same out of the assets of the estate of Almeron W. Crain, now in their hands." That decree did not authorize the sheriff to sell the real estate of the appellant, and the sale under that decree did not divest the appellant of her title to or interest in the real estate devised to her by her husband. The respondent failed to make- a case entitling her to the possession of the premises described in the proceedings had before the county judge of Cortland county.

The learned county judge, in his opinion, refers to the *People* v. *McAdam* (84 N. Y., 294), and opinion of FOLGER, Ch. J., for his conclusion that the proceedings may be maintained. That case differs from this one. There the property which fell to the hands of the executors was leasehold estate, and, therefore, passed to the executors as personal property as assets and for distribution. The learned chief judge so declared, and referred to his opinion in *Despard* v. *Churchill* (53 N. Y., 199), in which latter opinion he says of such property that " at common law it is personal property." The statutes of this State have for some purposes modified its character; estates for years are denominated estates in lands. (1 R. S., 722, § 1, etc.) They are still chattels real (Id., 722, § 5), and are not classed as real estate in the chapter of " title to property by descent." A judgment binds and is a charge upon them as assets for distribution. (2 id., 82, § 6 ; see *Pugsley* v. *Aikin*, 11

N. Y., 499.) "They vested in the executors as a part of testator's personal estate." The case of *People* v. *McAdam* (*supra*) is, therefore, unlike the one before us.

Our attention is called to *Haight* v. *Brisbin* (100 N. Y., 223), where it is said an executor who has failed to sell personal property, and a loss has happened without adequate excuse, the executor may be charged, and that in a proper case a similar remedy may be had in case of failure to sell real estate, but that does not aid the respondent here.

If an executor has been dilatory in the sale of real estate he may be liable. That furnishes no power to or reason why the surrogate may make a decree against him or in proceedings against him which will bind the devisee of real estate or an heir-at-law, without a day in court.

*Second.* The judgment recovered against a surviving partner of Crain & Co. did not give any lien upon the individual property of the deceased member of the firm, under which the property of the individual member of the firm had passed to the appellant by will of the deceased member of the firm. The appellant was not a party to that action, nor were her lands bound by the lien of that judgment. It may be conceded that a creditor may compel an executor, with power of sale, to sell real estate for the payment of debts. (Code of Civ. Pro., § 2804.) However, before a decree to that effect may be made, a citation must be issued to the persons whose rights in the estate or fund might be affected by such a decree. (Code of Civ. Pro., § 2806.) No such citation was issued to the appellant and her estate in the lands in question has not been cut off by a proper decree or judgment, or the title thereto transferred to the plaintiff.

By section 2749 of the Code of Civil Procedure authority is given to direct the disposition of real estate for the payment of debts and funeral expenses of the decedent, but all devisees and heirs-at-law of such real estate must have citations. (Sec. 2754.) And they may appear and contest before the surrogate, upon the return of the proper citation. (Sec. 2755.) In such a proceeding though a judgment has been "rendered against an executor or administrator for a debt due from the decedent, the debt is nevertheless deemed a debt of the decedent to the same extent and to be

established in the same manner" as other debts, though the judgment is presumptive evidence.    (Code, § 2756.)

The provisions of law already referred to, and others as to details of sale of real estate of deceased parties to pay debts are to the effect and for the purpose of working out a *pro rata* distribution among creditors of the proceeds of real estate arising by reason of the same being mortgaged or sold to pay the debts of the deceased. (*In the Matter of the Estate of Fox*, 92 N. Y., 96.)

We are of the opinion that the order of the county judge of Cortland county should be reversed.

BOARDMAN and FOLLETT, JJ., concurred.

Order and judgment of the county judge of Cortland county reversed, with costs.