In the Matter of the Estate of IMER C. WYCKOFF, Deceased.

Surrogate's Court, Schoharie County, November 28, 1931.

*Bingham & Johnson* [*A. Lindsay O'Connor* of counsel], for the administrators.

*Wallace H. Sidney*, for Burton Wyckoff Estate and George Van Dyke, creditors.

*Ives & Craft* [*A. F. Bouton* of counsel], for Ada Montgomery, as executrix of David Montgomery, deceased, and for the Metropolitan Life Insurance Company.

*C. A. Fowler* for the New York State Superintendent of Insurance, as receiver of Golden Seal Assurance Society, creditor.

*Govern & McClenthen*, for Agnes Wyckoff, Edgar T. Van Buren, Luman Simonson and Katie Lewis, creditors.

*Clyde H. Proper*, individually and for Warner Van Dyke and Delbert Van Dyke, as administrators of the goods, chattels and credits of Hiram Van Dyke, deceased, creditors.

*G. Norton Frisbie*, for National Surety Company, creditor.

GOLDING, S. The decedent was administrator of the estate of Nathan C. Wyckoff, deceased. After his death his administrators had an accounting of his acts and doings as such administrator of Nathan C. Wyckoff's estate in the Surrogate's Court of Delaware county and a decree was made and entered that the estate of decedent pay to the estate of Nathan C. Wyckoff, deceased, the sum of $4,329.16. The estate of decedent is insolvent and the National Surety Company, claimant, surety on bond of decedent as such administrator, has paid said sum and filed a claim against the estate

of decedent, claiming to be a preferred creditor " by reason of the fact that the aforesaid indebtedness was incurred by reason of obeying the order or decree of the Surrogate's Court in behalf of said Imer C. Wyckoff, because of the execution of the bond." Claimant claims it should have a preference in payment under subdivision 3 of section 212 of the Surrogate's Court Act, which I quote:

" 3. Judgments docketed, and decrees entered against the deceased according to the priority thereof respectively."

The decree directing this sum was not obtained against decedent during his lifetime, but against his estate after his death, and the section is not applicable. The judgment or decree referred to is one obtained against a deceased person while living. (*Schmitz* v. *Langhaar*, 88 N. Y. 503.)

Section 212 also states: " The commencement of a suit for the recovery of a debt or the obtaining a judgment thereon against the executor or administrator shall not entitle such debt to preference over others in the same class." A judgment against the representatives thereof founded on his debt are not to be included in this class. It is merely an adjudication of the amount due, and this decree simply determined the amount of the debt.

Claimant's counsel on argument and in his brief also claims a preference that Imer C. Wyckoff, as administrator of Nathan C. Wyckoff, deceased, was a trustee and as such surety, having paid such sum, is subrogated to the rights of the beneficiary of the trust thus created.

No evidence has been submitted by claimant showing the reason for charging decedent's estate with the sum of $4,329.16. It might have been for misappropriation of part of the estate or for mismanagement of the estate during administration, such as a loss in holding securities which should have been disposed of or other reasons.

To create the preference claimed, it is necessary to follow the fund or appropriate the property in which it has been changed. The trust fund must be clearly ascertained, traced and identified. (*Matter of Calvin* v. *Gleason*, 205 N. Y. 256.)

The court cannot assume what the debt was for which the decree directs payment of. The estate of decedent being insolvent, no claim should be paid as a preference unless authorized by statute or such preference clearly shown by evidence in support of the claim.

" The creditors of " decedent " have rights which entitle them to the appropriation of his property to the payment of his debts equally and alike, and upon no principle, in law or equity, can it be

maintained that the property, belonging to creditors generally, and not shown to have constituted a portion of the estate of which " the decedent " was the executor, can be applied to the payment of the appellant's demand in preference to other creditors." (*Matter of Fox*, 92 N. Y. 93, 96, 97.)

It is probable that most of the creditors of every insolvent estate may be presumed to have contributed to the assets which constitute the residuum of his estate and no doubt this is true in this estate.

The claim of the National Surety Company of $4,329.16 is disallowed as a preferred claim against the estate of decedent and the act of the administrators in allowing the claim as a general creditor is approved.

Enter decree accordingly.