20-1413-cv
Philadelphia Indemnity Ins. Co. v. Yeshivat Beth Hillel of Krasna, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-one.

PRESENT:  BARRINGTON D. PARKER,
          RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
              *Circuit Judges*.

------------------------------------------------------------------

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

         *Plaintiff-Counter-Defendant-Appellant*,

    v.                                          No. 20-1413-cv

YESHIVAT BETH HILLEL OF KRASNA, INC.,

         *Defendant-Counter-Claimant-Appellee*,

M.G., A MINOR BY HIS PARENTS AND LAWFUL GUARDIANS, RAMI GARBER AND OLIVIA GARBER, AND RAMI GARBER, INDIVIDUALLY,

*Defendants-Appellees,*

OLIVIA GARBER, INDIVIDUALLY,

*Defendant.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT: | CHRISTOPHER T. BRADLEY, Marshall Conway Bradley Gollub & Weissman, P.C., New York, NY |
| FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE: | JACK GLANZBERG, Aboulafia Law Firm, LLC, White Plains, NY |
| FOR DEFENDANTS-APPELLEES: | JOSHUA D. KELNER, Kelner & Kelner, Esqs., New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Philadelphia Indemnity Insurance Company ("Philadelphia") appeals from a grant of summary judgment entered by the District Court (Garaufis, J.), in

favor of Yeshivat Beth Hillel of Krasna, Inc. ("Yeshivat"), M.G., and M.G.'s parents, Rami and Olivia Garber (the "Garbers"). This case arises from an accident in which M.G., a pedestrian, was struck and severely injured by a school bus carrying students to a school operated by Yeshivat in New York. M.G. and the Garbers sued Yeshivat, which then promptly notified Philadelphia, its insurer, of the claim against it. Philadelphia investigated the claim and sent a "reservation of rights" letter to Yeshivat informing Yeshivat that its claim might not be covered under the policy. Three years later, Philadelphia initiated this action seeking a declaratory judgment that, under the general liability insurance policy at issue, it had no duty to defend or indemnify Yeshivat from the Garbers' claims. Yeshivat countered by seeking a declaratory judgment that the policy required Philadelphia to defend and indemnify it. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm the District Court's judgment in favor of Yeshivat and the Garbers on all claims.

We agree with the District Court that Philadelphia failed to adequately disclaim coverage as required by New York law. An insurer that seeks to

3

"disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident" must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage." N.Y. Ins. Law § 3420(d)(2). The insurer must also "apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated." Gen. Accident Ins. Grp. v. Cirucci, 46 N.Y.2d 862, 864 (1979).

The "reservation of rights" letter upon which Philadelphia relies did not meet those standards. The letter stated only that "there is [a] question as to whether [Philadelphia] has a duty . . . to defend or indemnify you or anyone claiming coverage under your policy," not that Philadelphia was denying coverage. App'x 476 (emphasis added). It also provided that the "claim may qualify as an auto loss which is not covered." App'x 487 (emphasis added). The letter otherwise informed Yeshivat that Philadelphia would provide a defense, and it identified only two circumstances in which coverage might be denied under the policy's exclusion for auto losses, neither of which came to pass. The record shows that Philadelphia knew or should have known of all the material, relevant facts underlying the claim for which it sought to disclaim coverage. The

4

letter was therefore not an effective denial of coverage, even though it reaffirmed that the policy at issue was a "general liability policy not an auto policy."

Because we conclude that Philadelphia did not adequately disclaim coverage, we need not decide whether the policy's terms would otherwise exclude coverage. See Hartford Ins. Co. v. Cnty. Of Nassau, 46 N.Y.2d 1028, 1029 (1979) (explaining that a failure to give notice of a denial of coverage "precludes effective disclaimer or denial"); see also Worcester Ins. Co. v. Bettenhauser, 95 N.Y.2d 185, 189 (2000) ("Failure to comply with section 3420(d) precludes denial of coverage based on a policy exclusion.").

We have considered Philadelphia's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court