BLAKE (HOWLAND v.). See Case No. 6,-792.

BLAKE (HUGHES v.). See Case No. 6,-845.

## Case No. 1,498.

### BLAKE v. McCARTNEY.

[4 Cliff. 101;[1] 10 Int. Rev. Rec. 131; 16 Pittsb. Leg. J. 210.*]

Circuit Court, D. Massachusetts. May Term, 1869.

INTERNAL REVENUE — SUCCESSION—ACT JUNE 30, 1864—DEVISE IN TRUST.

1. B., being possessed of certain real estate, devised the same to the plaintiff, in trust, among other things, to pay a residue of the rents and profits to her son H., during his natural life, to and for his sole use and benefit; but if he deceased, leaving a wife, then in trust for his wife in like manner during her natural life. B. died in 1847. H. died in 1867 leaving a wife, the cestui que trust of the plaintiff. *Held,* that under the act of June 30, 1864 [13 Stat. 223], the income of the said life-estate was subject to assessment.

2. Where the following conditions concur, to wit: a part-disposition of real estate by will, deed, or the laws of descent; that by reason of such part-disposition of real estate the person taxed became beneficially entitled, in possession or in expectancy, to the real estate or the income thereof; that the person taxed became so entitled to such real estate upon the death of the person making such part-disposition of the same; that the person making such part-disposition of such real estate died after the passage of the act under which the tax was imposed; they confer upon any person entitled by reason of such part-disposition of real estate a succession within the meaning of section 126 of the act of June 30, 1864 [13 Stat. 287].

At law. Action to recover back from a collector of internal revenue in this district money paid under protest as a succession tax under the act of June 30, 1864 [13 Stat. 223].

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

The case was submitted upon the following agreed statement of facts. This action was commenced Oct. 21, 1868, in the state court (and removed to the circuit court), to recover back the sum of $863.82 paid by plaintiff, as trustee for Mrs. Marianne Blake, widow of James H. Blake, who died Aug. 10, 1866. She was married to James H. Blake, on May 12, 1835. The return under which the tax was assessed was made under protest, May 20, 1868. An appeal was made to the commissioner of internal revenue, May 25, 1868, and acknowledged by him June 20, 1868. The plaintiff is trustee under the will of Mrs. Sarah Blake, who died April 10, 1847,—and the following extracts are made from said will, viz: "I give, devise and bequeath one other fifth part of all the said rest, residue, and remainder of my property and estate, real and personal, including one fifth part of all such real estate as I may hereafter acquire, to the said Edward Blake," in trust, among other things, "to pay all the residue of the rents and income of said last devised trust property to my son, James Henry Blake, quarter-yearly, in every year during his natural life, to and for his sole use and benefit. And if he the said James Henry Blake shall decease, leaving a wife, then in trust, in like manner, after his decease, and during her life, to collect and receive the said rents, income, dividends and profits of the said last devised trust property; and after deducting therefrom the charges and expenses aforesaid, to pay the residue thereof, to her, quarter-yearly, in every year during her natural life, to and for her sole use and benefit, and for the maintenance and education of the children of said James Henry Blake, upon her own separate receipt, without the interference of any husband, or being subject to his debts or control. And at and upon her decease, or upon the decease of the said James Henry Blake, if he should die unmarried, having survived his wife, then in further trust to convey and transfer the trust property (lastly above devised in trust), or so much thereof as may then remain undisposed of, to the child or children of the said James Henry Blake (if any) then living, and to the issue then living of any deceased child or children of the said James Henry Blake, by right of representation, share and share alike; such issue to take the same share which his, her, or their parent would take if then living. To hold the same to them, their heirs and assigns forever. And in default of any such child, children, or issue, then living, then in trust to convey and transfer the same to my heirs-at-law; to hold the same to them, their heirs and assigns for ever." Said tax was assessed on the life estate of said Marianne in certain real estate in said Boston, of which said testatrix died seised, and which was in the settlement of her estate set off to be the share of said James. The plaintiff, being called upon by the assistant assessor to make return of said life estate, appealed, March 25, 1868, to the commissioner, upon the ground that said interest in said real estate was not taxable, because the person from whom it came, viz: Mrs. Sarah Blake, died April 10, 1847, and none of the property came from said James H. Blake. That the legal right of the widow of said James vested in 1847, and that it did not come under the internal revenue laws. The commissioner, under date of April 4, 1868, decided against the plaintiff upon the ground that "said Sarah Blake is the predecessor, and the widow of James H. Blake, having become entitled in possession of the income of the real estate referred to upon the death of the life tenant, dying after June 30, 1864, is liable to the succession tax under [Act June 30, 1864] section 127 [13 Stat. 287], without relation to the time when the succession vested any more than in the case contemplated in the proviso. Section 137 [Id. 289]." Upon receipt of notice of said decision, plaintiff, under date of April 10, 1868, protested against further proceedings to assess said tax. May 25, 1868, plaintiff addressed a communication to the commissioner that in consequence of his decision, under date of May 20, 1868, a return had been made under protest, and an additional appeal was made, if such was necessary, and a request was made for information whether any other preliminary measures were necessary to enable plaintiff to contest the validity of the tax. An answer to this was received from the commissioner under date of June 20, 1868, referring plaintiff to the provisions of section 19 of act of July 13, 1866, p. 28 [14 Stat. 102], of compilation of internal revenue laws. A suit brought by plaintiff to the October term of said court was dismissed, and thereupon this suit was brought. Should the court be of opinion, upon the foregoing statement, that said tax was not legally assessed, judgment shall be rendered for the plaintiff that he recover of the defendant the amount of said tax, with interest from the time of payment, and costs of court; otherwise, judgment shall be entered for the defendant.

Edward Blake, pro se.

John C. Ropes, Asst. U. S. Atty., for defendant.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Succession is defined in general terms by section 126 of the act of June 30, 1864 [13 Stat. 287], to "denote the devolution of title to any real estate," but section 127 of the same act provides that every part-disposition of real estate, by will, deed, or laws of descent, by reason whereof any person shall become beneficially entitled, in possession or expectancy, to any real estate, or the income thereof, upon the death of any person dying after the passage of that

act, shall be deemed to confer on the person entitled by reason of any such disposition, a succession, and the term successor shall denote the person so entitled; and the term predecessor shall denote the grantor, testator, ancestor, or other person, from whom the interest of the successor has been or shall be derived. 13 Stat. 277, 278 [287, 288]. Real estate was owned by Sarah Blake, and the agreed statement shows that she devised certain portions of the same to the plaintiff, in trust, among other things, to pay all the residue of the rents and profits to her son James Henry, during his natural life, to and for his sole use and benefit; but if he deceased leaving a wife, then in trust in like manner, after his decease, to his wife, during her natural life, to and for her sole use and benefit. Sarah Blake died April 10, 1847, and her son James Henry, having previously married, died August 10, 1867, leaving a widow, Marianne Blake, the cestui que trust of the plaintiff. Formal demand of the plaintiff was made by the assistant assessor on March 25, 1868, for a return of the said life estate of his cestui que trust for the purpose of assessing the income; and on that day the plaintiff appealed to the commissioner from the decision of the assistant assessor, upon the ground that the income of the life estate was not taxable; but the commissioner sustained the views of the assistant assessor. Return was accordingly made by the plaintiff under protest, and the taxes having been duly assessed, he paid the same, and brought an action of assumpsit in the state court to recover back the amount, as having been illegally assessed and exacted.

Federal questions being involved in the nature of the claim, the cause was removed into this court, and at the regular session of the present term was submitted to the court upon an agreed statement of facts. Discussion as to the technical meaning of the term succession, as used at common law, is unnecessary, as the question before the court depends entirely upon the conditions specified in section 127 of the act under which the taxes were levied. Congress has power to lay and collect taxes, duties, imposts, and excises, and having exercised that power in passing the law under which the taxes in question were assessed, the question of liability depends upon the construction of that law.

The views of the plaintiff are, that a tax can never be regarded as a succession tax, unless it is imposed on the direct transfer of property from the dead to the living, and that it consists, in all cases, in the division of a succession between the state and the heirs or devisees of the property; but the decisive answer to that abstract proposition is, that the question of liability in this case depends upon the construction of an act of congress. Secondly, the plaintiff contends that a tax under that section can never be justified except when it appears:—

1. That the party taxed became beneficially entitled to the real estate by devolution of title.

2. That he became so entitled by means of the death of another.

3. That he became so entitled by means of the death of another, happening after the passage of the tax act.

Based on these postulates, his argument is, that the present tax is not justified by the tax act, because the trust settlement was made long before that act was passed, which shows to a demonstration that he employs the phrase "devolution of title" in the strict common-law sense, and not in the sense in which it is used in the act of congress. If read carefully it will be seen that the act of congress negatives the deduction made by the plaintiff from his second proposition; and when carefully analyzed, it will appear that the tax is justified by the section under consideration, because it is within every one of the conditions therein specified.

Those conditions are as follows, as applied to this case. That there was a part-disposition of real estate by will, deed, or the laws of descent. That by reason of such part-disposition of real estate, the person taxed became beneficially entitled, in possession or in expectancy, to the real estate, or the income thereof. That the person taxed became so entitled to such real estate upon the death of the person making such part-disposition of the same. That the person making such part-disposition of such real estate died after the passage of the act under which the tax was imposed, and the provision in the same section is, that where all those described conditions concur, the part-disposition of real estate shall be deemed to confer on the person entitled by reason of any such part-disposition of real estate, a succession within the meaning of that act [June 30, 1864]. 13 Stat. 288.

Such part-disposition of the real estate must, by the express words of the section, be either in possession, or in expectancy; but the beneficiary is not subject to the payment of any income tax until the expectancy terminates, and he or she comes into the possession and enjoyment of the use of the real estate.

In this case, the cestui que trust of the plaintiff became beneficially entitled to the real estate in expectancy, and not in possession, and in such cases it is immaterial whether the part-disposition of the real estate was made before or after the passage of the tax act, provided it appears that the beneficiary became so entitled upon the death of the predecessor, and that the predecessor who made such part-disposition of the real estate died after the passage of the tax act.

The argument for the plaintiff is, that the tax can only be imposed by virtue of the section in question, where the death of the predecessor is the cause of the successor's being entitled to possession of the real estate, and not where it is merely the occasion, as

in this case; but the proposition finds no sup-port in the language of the provision, and the rule in the exchequer court of England is well settled the other way. Attorney General v. Gell, 3 Hurl. & C. 628; Attorney General v. Middleton, 3 Hurl. & N. 134; Attorney General v. Fitzjohn, 2 Hurl. & N. 465; Wilcox v. Smith, 4 Drew. 40.

Suggestion is made that the second section of the act of 16 & 17 Vict. c. 51, differs from the corresponding provision in the act of congress, under which the tax in this case was assessed, but the differences pointed out do not affect the questions before the court. Attorney General v. Gell, 3 Hurl. & C. 621, note b. Strong support to the construction adopted by the court is also derived from two other sections of the same act, but it is not necessary to pursue the subject. [Act June 30, 1864;] 13 Stat. 288, 289, §§ 128, 137. Pursuant to the agreement of the parties there must be judgment for the defendant.