---

### *In re* CLARK'S ESTATE.

(*Surrogate's Court, New York County.* March 4, 1889.)

DESCENT AND DISTRIBUTION—COLLATERAL INHERITANCE TAX—CONTINGENT ANNUITIES.
When an annuity is left to persons for life, who are exempt from the collateral inheritance tax, with contingent remainder over, to persons not exempt, Laws 1885, c. 483, does not authorize the taxation of the contingent annuity, but the appraiser should report the market value of such contingent interest at the date of the decedent's death, and leave the taxation for future action.

On report of the appraiser of the estate of Mary C. Clark, to ascertain the amount of the collateral inheritance tax. Objections were filed by W. Irving Clark.

*Benjamin F. Dos Passos,* Asst. Dist. Atty., for the Comptroller. *John M. Knox, Jr.,* for objector.

RANSOM, S. The question here is, has the appraiser erred in reporting the value of the contingent annuities under chapter 483 of the Laws of 1885? If not, should he have further reported them as now subject to taxation? Counsel for executors contends that it is impossible to fix the value of the contingent annuities until the death of the present living annuitants (who are not subject to the tax) should happen. It is contended, on the other hand, that when the amount can be ascertained the surrogate must assess and fix the tax, even though the person who is interested in the contingent estate may never come into the actual possession or enjoyment of such property; that this proceeding is a proceeding *in rem,* and consequently follows the property. To make the tax accrue at once, two things are necessary: *First,* to determine definitely the fair market value of the property subject to the tax; and, *second,* the person to whom such property passes. The first proposition can be ascertained with sufficient accuracy for the purposes of taxation, but the second cannot be definitely determined until the death of the life-tenant. "The tax is not imposed upon the estate of which she was seised or possessed, but only upon so much of it as passes to certain persons; not all persons or any person. * * * There are many other provisions of the act requiring the same construction, all tending to show that in the matter of taxation it is simply the 'estate' or share of the beneficiary acquired through the will, or the statute of distributions, which is to be valued, and the duty estimated according to its value." *In re Howe,* 19 N. E. Rep. 513. The duty of the appraiser to report the value of these contingent annuities is settled by the court of appeals in *Re Cager,* 18 N. E. Rep. 868, RUGER, C. J.: "When the present value of property which is devised to one, with a limitation over to others upon the happening of some event which may or may not occur, can be ascertained, then a ground upon which an approximate estimate of the value of the ultimate devise appears, and it may be made." Nothing is said about the assessment or payment of the tax, although the court said that contingent estates might be appraised if their value could be ascertained. The question is, can the tax be assessed and fixed? The executor cannot diminish the funds which produce the annuities. The contingent annuitants cannot be required to pay for something they may never receive. The act does not say that where property is left to A., an exempt person, for life, with a contingent life-estate to B., that A. shall be taxed to pay for B.'s prospective enjoyment, even

though B. may never enjoy it. The act expressly exempts certain persons, and taxes others, and it cannot be rightly held that where property was left for life to an exempt person, and after his death, for life to one not exempt, should she survive, that, in that event, the *corpus* of the estate, which is exempt, should be diminished by the amount of the tax, upon the happening of an event which would not make the life-tenant liable to the tax, whether it did or did not happen, and which, if the contingency should fail, might throw the estate back to persons who were exempt. Neither the first estate nor the last should be taxed for the contingent second estate. It must be that, in cases such as this, where it is absolutely impossible to decide to whom the property will go, the intention is that the appraiser shall report the fair market value of the property at decedent's death, and that the matter must be regarded as suspended until the contingency does or does not happen, at which time—that is, at the death of the life-tenant—it can be determined to whom the property will pass, and whether or not it is subject to the tax. The appraiser was right in reporting the fair market value of the contingent interests at the date of the death of decedent, and in further reporting that, in view of the contingent character of the bequests, he could not report the remainder as presently taxable. An order should be handed up confirming the report of the appraiser, and assessing and fixing the tax upon the interests reported as now subject to the tax, and reserving these contingent interests for future action.

---

### In re KEENAN's ESTATE.

*(Surrogate's Court, New York County. January 23, 1889.)*

DESCENT AND DISTRIBUTION—INHERITANCE TAX—APPRAISAL.

The New York collateral inheritance tax act, (Laws 1885, c. 483, § 8,) provides that every tax should be paid to the treasurer of the "proper county." Section 17 provides that when the treasurer of any county has reason to believe that any tax is due he shall notify the district attorney of the "proper county," etc. *Held*, that the "proper county" is the county of the surrogate first properly acquiring jurisdiction; and, even if the property of a decedent is situated in more than one county, the appraiser appointed by such surrogate may appraise it all.