### In re STEWART'S ESTATE.

*(Surrogate's Court, New York County.  April 16, 1890.)*

LEGACY TAX—LEGATEE APPOINTED BY TRUSTEE.

> Where property is left by will to a trustee with power to appoint the legatees, the latter take as by the will whenever the power is exercised, and the property is subject to the legacy tax provided for by Laws N. Y. 1887, c. 713, § 1, in the same manner as when the legatees are named by the will.

Motion to confirm the report of the appraiser of the estate of Cornelia M. Stewart, deceased.  For proceedings to revoke probate of decedent's will, see 5 N. Y. Supp. 32.

*Horace Russel* and *Jabish Holmes, Jr.*, for executors.  *A. W. Evarts* and *William G. Choate*, for Rosalie Butler.  *Martin & Smith*, for Sarah N. Smith. *William T. Gilbert*, for the Cathedral of the Incarnation.  *Theodore W. Meyers*, comptroller.

RANSOM, S.    Mrs. Stewart died on the 25th day of October, 1886, and by her will and codicils thereto left one-half of her residuary estate to Henry Hilton as trustee, with power of appointment to and among such of the legatees, and in such proportions, as he might see fit.   On January 16, 1890, he made such appointment among certain of the legatees, whose property in the estate, in virtue of such appointment, is liable to the tax.   The appraiser, who had been appointed prior to the exercise of the power of appointment, did not report until after it had been exercised, and included in his report, as subject to the tax, the amount apportioned to the legatees by the trustee acting under his power.

It is claimed by counsel for the executors and these appointees that such amounts are not subject to the tax, because the act contemplates only the interests accruing at the date of death of the decedent, and as these amounts were not determinable until the power of appointment had been exercised, and as it was impossible to ascertain whether any or all of said residuary estate was or would be subject to the tax, therefore that, as the estates were such as were not contemplated by the act, being mere possibilities, and not even expectant or contingent, they were exempt, and contend that RUGER, C. J., in *Re Cager's Will*, 111 N. Y. 350, 18 N. E. Rep. 866, 19 N. Y. St. Rep. 497, in delivering the opinion of the court, considered just such a case.   He says: "Whether an appraisal of the value of these devises, for the purpose of taxation, may be made where they eventually come to the possession of the devisees, we are not called upon now to determine.   It may be that the tax will be altogether lost to the state if an appraisal is not now allowed; but, if so, the fault lies in the act itself, and not in the construction which its language requires to be put upon it."   This language of the learned judge is *obiter*, but entitled to great consideration.   It is not, however, binding upon the courts below, nor is that case at all *apropos*.   It is true that at the date of the death of Mrs. Stewart the appraiser could not determine either the value of the estate which might eventually become taxable, or the persons to whom it would pass; and he could not, therefore, make any appraisal.   It has been the practice of this court to suspend all proceedings as to such contingent estates until such contingencies happen, with a view to the appointment of an appraiser at that time to make the appraisement.   In *Re Wallace's Estate*, 4 N. Y. Supp. 465, which was decided by me, I said: "The appraiser should only report upon the property now subject to the tax; and when the contingency happens, and the number and interests of the collateral heirs are definitely and exactly determined, another appraisement should then be made, and the tax assessed upon their interests then to be ascertained."   In *Re Clark's Estate*, 5 N. Y. Supp. 199, I used substantially the same language, in holding that until the contingency is decided the matter must remain suspended, and then it can be

determined to whom the property will pass, and whether or not it is subject to the tax. The claim that, at the death of this decedent, there was no estate that could be held subject to the tax, and that, therefore, there can be no tax assessed now, cannot be sustained. It is a well-settled principle of the law that, where parties take under a power of appointment, they take under the instrument creating the power, so that the parties named by Henry Hilton under the power given him must be regarded as the persons selected by Mrs. Stewart. It is true that their interests did not accrue until the date when the power was exercised, to-wit, January 16, 1880, at which date, also, the tax upon their interests accrued; thus entitling them to the rebate of interest, if paid within six months from that date. By section 4 of the act of 1887, (which, by chapter 479, Laws 1889, is made applicable,) if the tax is paid within 18 months from the death of decedent, no interest is charged. By section 5 of the same act, it is provided that "the penalty of ten per cent. per annum, imposed by section 4 hereof, for the non-payment of said tax, shall not be charged where in cases by reason of claims made upon the estate, necessary litigation, or other unavoidable cause of delay, the estate of any decedent, or a part thereof, cannot be settled at the end of eighteen months from the death of the decedent, and in such cases only six per cent. per annum shall be charged upon the said tax from the expiration of said eighteen months until the cause of such delay is removed."

It is claimed here that the proceeding instituted by Rosalie Butler on October 28, 1887, (see *In re Stewart's Will*, 5 N. Y. Supp. 32,) effected a stay of all proceedings in virtue of section 2650 of the Code of Civil Procedure, which provides that the executor must suspend, until a decree is made upon the petition for revocation of probate, all proceedings relating to the estate, except for the recovery or preservation of property, the collection and payment of debts, and such other acts as he is expressly allowed to perform by an order of the surrogate made upon notice to the petitioner. Section 406 of the Code provides, when the commencement of an action has been stayed by injunction or other order of the court or judge, or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action. Neither of these two sections affect this case. There is no provision of law suspending the payment of interest during the time of the litigation, or unavoidable cause of delay. Section 5 of the act of 1887 only relieves from the penalty, but not from the interest. I must hold, therefore, that the tax on the one-half of the residuary estate passing by the will to Charles J. Clinch and Sarah N. Smith must bear interest at the rate of 6 per cent. per annum from April 25, 1888, 18 months after Mrs. Stewart's death, and that, if the tax and interest is not paid immediately upon the entry of the order confirming the report of the appraiser, interest at the rate of 10 per cent. per annum from the date of the entry of the order must be paid. Submit order confirming the report of the appraiser, and assessing and fixing the tax.