ORMOND E. FITZGERALD *vs.* R. I. HOSPITAL TRUST CO., Trustee, *et al.*

PROVIDENCE—MARCH 29, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Wills. Legacy Tax. Life Tenant and Remainder-man.*

A fund of $25,000 was bequeathed in trust to pay over the income, less charges, to F.; and upon his decease the principal of the trust fund was to be disposed of as part of the residue of the estate. The war revenue act of June 13, 1898, provides, in section 29, "That any person having in charge or trust . . . any legacy . . . where the whole amount of such personal property shall exceed the amount of ten thousand dollars passing after the passage of this act . . . hereby are made subject to a tax." Section 30 provides that "the tax shall be a lien and charge upon the property of every person who may die as aforesaid for twenty years, . . . and every . . . trustee, before payment and distribution to the legatees or any parties entitled to beneficial interest therein . . . shall pay the . . . tax assessed upon such legacy or distributive share:"—

*Held*, that under the bequest two interests were created which "passed" under the statute: (1) the life interest, which passed immediately and was presently assessable; and (2) the interests in remainder.

*Held*, further, that under the statute it was only the "beneficial interest . . . passing after the passage of this act" which was assessable, that is, the interest of the life tenant.

*Held*, further, that such tax upon the interest of the life tenant should be paid out of the income and not out of the principal of the fund.

BILL IN EQUITY for an accounting. Heard on bill and answer. Bill dismissed.

TILLINGHAST, J. This is a bill in equity for an accounting.

It sets forth, in substance, that under the will of Harold Brown, late of Providence, R. I., deceased, the sum of $25,-

000 was bequeathed to the respondent, the Rhode Island Hospital Trust Company, in trust, to invest, keep invested, and manage the same, to receive and collect the income arising therefrom, and, after paying from such income all taxes and other rates, charges, and expenses upon or in respect of or incident to said trust property and the execution of the said trusts, including a reasonable compensation to the said trustee, the residue of said income to pay over to the complainant—who was the cousin of said Harold Brown—during his life for his own use ; and upon his death that the principal of said trust fund, with all its then accumulations of income, if any, undisposed of or unapplied under the powers in said last will and testament contained, however then invested, should be disposed of as a part of the rest, residue, and remainder of the estate, real and personal, of the said Harold Brown, as provided in the will.

The bill further sets forth that on the 13th day of June, 1898, the Congress of the United States passed an act entitled " An act to provide ways and means to meet war expenditures, and for other purposes ; " that under section 29 thereof, entitled " Legacies and distributive shares of personal property," under which, and under sub-section third thereof, there became due to the United States a legacy tax, " a legacy tax at the rate of three dollars for each hundred dollars of the clear value of such interest," amounting to the sum of $365.38, which said tax was determined by the officers of the United States authorized to collect the taxes due under said act, according to the expectancy of life of the complainant, the same being twelve years, according to the life tables in use ; that thereupon the executors of said will paid to the proper officer of the United States said legacy tax out of the principal of said trust fund, as they were lawfully obliged to do, and thereafterwards paid over to the respondent trustee the balance of the principal of said trust fund, to wit, the sum of $24,634.62.

The bill further sets forth that the respondent trustee, contending that the said sum of $365.38, paid as aforesaid by the executors to the United States, is due and payable by the com-

plainant to the respondent trustee, has wrongfully withheld, and still withholds, the same from him, although requested to pay it to him under the terms of said trust.

The answer of the respondent trustee admits that the executors of said will paid over to the proper officer of the United States the legacy tax found to be due and payable in respect of the complainant's life interest in the legacy referred to, the sum of $365.38 ; but it denies that they paid the same, or could lawfully or rightfully pay the same, out of the principal of said legacy.    And while it admits that the payment of said legacy was, on November 30, 1900, nominally adjusted between it and the executors, yet it avers that at the same time, and as a part of the same adjustment and payment, the executors paid to the respondent trustee, as and for the said legacy, and the interest or income from the same which had accrued and been received by the executors from the date of the death of said testator to the time of such adjustment and payment, the further sum of $631.14.    So that, as the trustee is advised and claims, the said sum of $365.38, being only the tax on the complainant's life interest, was in fact paid, as it only legally could have been, from the said interest and income which had accrued upon said legacy in the hands of the executors, and was, therefore, properly deducted and detained by the trustee from the interest and income derived from the legacy in adjusting the same with the complainant, and so as to leave the principal sum of said legacy for the remainder-men intact.    And so said trustee denies that it has wrongfully withheld the said sum from the complainant, but avers that it rightfully withholds the same in the proper discharge of its said trusts ; and denies that the said sum is due or owing to the complainant.

The answer of the other respondents sets up substantially the same defence as that set up by the trustee.

The case is before us on bill and answer.

(1)    The complainant's contention is that the legacy tax in question, amounting to $365.38, was a tax upon the principal and not upon the income thereof, nor any part thereof, and hence that the executors rightfully paid it out of the principal, and

rightly paid over to the trustee the balance of $24,634.62. He also contends that the executors rightly paid over to the said trustee the said accrued income of $631.14, and that said trustee rightly paid the same to him.

We cannot assent to the correctness of this contention, in so far, at any rate, as it relates to the rights of the complainant in the premises ; the well-settled rule of law being that in the absence, as here, of any specific provision of the will, the tax upon a legacy is to be paid by the legatee, and not from the general estate.    Thus, in *Goddard* v. *Goddard*, 9 R. I. 293, this court held that the legatees under a will must severally pay the duties required in respect of their respective legacies, even if the legacies are bequests of specific property, unless they are expressly exempt from such payment by the terms of the will.

See ruling of the United States treasury department under the act of Congress above referred to, Treas. Dec. vol. 4, No. 17, April 22, 1901, p. 44.

The main question raised by the pleadings in the case at bar, as we understand them, is, who, for the purpose of the payment of said tax, assessed, as it confessedly was, upon and in respect of the life estate only, is to be regarded as the legatee ; the complainant, the life tenant, or the respondents, who are the present living representatives of the contingent remainder-men ?

We think it is clear that but one answer can properly be given to this question ; namely—the life tenant of said fund, who is the complainant in this case.

Section 29 of the act of congress of March 2, 1901, which amends the act of June 13, 1898, above referred to, provides : "That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property, . . . shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any State or Territory, or any personal property or interest therein, trans-

ferred by deed,  .  .  .  ·sale or gift, made or intended to take effect in possession or enjoyment 'after the death of the grantor or bargainer, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax to be paid to the United States," etc.

The act then goes on to describe a rate of taxation, varying, according as ·the legatees are related to the testator more or less nearly, within certain degrees ; to fix the rate beyond those degrees, and to provide that certain legacies and property shall be exempt from the tax.

The act further provides that—"said tax shall be due and payable in one year after the death of the testator, and shall be a lien and charge upon the property of every person who may die, as aforesaid, for twenty years, or until the same shall, within that period, be fully paid to and discharged by the United States ;  .  .  . · that every executor, etc., before payment and distribution to the legatees, or any parties entitled to *beneficial interest* therein, shall pay to the collector of the district of which the deceased was a resident, or in which the property was located, in case of non-residents, the amount of the duty or tax assessed upon such legacy or distributive share." And the act also further provides that : ·" Any tax paid under the provisions of sections twenty-nine and thirty, shall be deducted from the *particular legacy* or distributive share on account of which the same is charged."

We think it is clear, in view of this act, taken, as it properly may be, in connection with analogous State statutes and the decisions thereunder, that no other consistent construction can be put upon it than that which has been put upon it by the treasury department, namely—that under a bequest like the one before us, two estates are created : that is, two interests, which "pass" under the statute, namely—(1) the life interest, which passes immediately, and is therefore presently assessable ; and (2) the interests in remainder.

Under said statute, as well argued by respondents' counsel, it is only the "beneficial interest"  .  .  .  "passing after the passage of this act," which is assessable ; which is here,

clearly, the complainant's life interest. And so the officials considered and treated it; and properly so; for by all the analogous cases wherever this question has arisen or been considered, so far as we are aware, it has been held that such tax is to be paid by the life tenant out of the income.

Thus, *In re Clarke's Estate*, 5 N. Y. Supp. 199, which was a case that arose under the collateral inheritance tax law of New York, it was held that when an annuity is left to persons for life who are exempt from the tax, with contingent remainder over to persons not exempt, the statute does not authorize the taxation of the contingent annuity, but the appraiser should report the market value of such contingent interest at the date of the decedent's death, and leave the taxation for future action.

In delivering the opinion of the court, Ransom, S., said: "It must be that in cases such as this, where it is absolutely impossible to decide to whom the property will go, the intention is that the appraiser shall report the fair market value of the property at decedent's death, and that the matter must be regarded as suspended until the contingency does or does not happen, at which time—that is, at the death of the life tenant—it can be determined to whom the property will pass and whether or not it is subject to the tax."

In *Christian's Estate*, which case arose under the collateral inheritance tax law of Pennsylvania (see Weekly Notes of Cases, vol. 18, p. 88), the testator gave the income of a certain fund for life, and the principal over at the death of the life tenant. The executor paid the tax upon the life interest out of the *corpus* of the fund, and he was ordered to refund the amount out of future receipts of income. The life tenant claimed that the tax should be paid out of the fund in question; and he alleged, by way of inducement, that the tax, as levied, would absorb the income of the first taker for an entire year, and enure to the benefit of those in remainder. In reply to this contention the court said: "We can see no difficulty in the question. Two estates were carved out of the fund, the estate for life and the estate in remainder, and both are chargeable under the act. If the tax upon the life

estate is paid by the fund, the parties in remainder, in case they are lineal descendants of the testator, will bear the burden; and in case they are collaterals or strangers, will pay a double penalty, neither of which was intended to be imposed."

It is true that the statute under which that case was decided was more specific upon the particular question here in issue than is the statute now before us; but the case is in line with all the other cases which we have examined upon the general principle involved.

In *Sohier* v. *Eldredge*, 103 Mass. 345, it was held that legacy duties payable under the United States statute of 1864, in respect to the interest of the *cestui que trust* in a gift by will, made before the passage of that statute, of a fund to trustees "to receive and collect the income thereof, and, after deducting all proper costs, etc., to pay the residue of said income" to said *cestui que trust* during life, were a charge upon the income of the fund.

Ames, J., in delivering the opinion of the court, said:

"There can be no doubt that the money paid by the plaintiff and his coexecutor, as the legacy and succession taxes upon the value of Eldredge's beneficial interest in the testator's real and personal estate under his last will and testament, was properly chargeable against such funds belonging to her as came into their hands as income, and was not a charge against the capital or principal of the fund which they were to hold until her decease. It is plainly the meaning of the statute . . . that whoever takes the benefit of a legacy must take it subject to the burden of the tax provided for by that statute. . . . The trustees were required to pay, and have paid, her tax; and by the terms of the statute . . . every tax so paid is to be deducted from the particular legacy or share on account of which the same is charged."

To the same general effect are the cases of *In Re Johnson*, 6 Dem. Rep. 146; *Talmadge* v. *Seaman*, 85 Hun. 242; *Matter of Hoffman*, 143 N. Y. 327; and *Howe* v. *Howe*, 61 N. E. Rep. 225.

Under these decisions, which are undoubtedly sound and authoritative upon the question here involved, it is clear that all which the complainant is entitled to out of said fund is the income thereof less the tax aforesaid. If this were not so, said fund could be depleted to the prejudice of the remainder-men. But this cannot properly be done. And the trustee is to see to it, in so far as it is able, at any rate, that the fund shall remain intact for their benefit. Whom the remainder-men will be, or what taxes they may hereafter be called upon to pay, if any, it is impossible now to determine. But it is clear that they cannot now be called upon in this indirect way, or in any way, to pay a tax upon their contingent interest in said fund.

Moreover, as argued by counsel for respondents, to now take this tax out of the corpus of the legacy, would subject the remainder-men to double taxation. For, plainly, when their interests fall into possession they will have to pay their own full tax, whatever it may be, upon the whole amount of the legacy, without any deduction or abatement on account of this tax which has been paid in respect of the life estate only. See *Blake* v. *McCartney*, 4 Cliff. 101; *Wright* v. *Blakeslee*, 101 U. S. 174. See also the following treasury decisions, in so far as they bear upon the particular question involved in this case, viz.: Treas. Dec. vol. 4, No. 30, July 25, 1901, p. 25 ; vol. 4, No. 34, Aug. 22, 1901, p. 20; vol. 4, No. 43, Oct. 24, 1901, p. 29 ; vol. 5, No. 6, Feb. 6, 1902, p. 31.

But complainant's counsel strenuously argues that as the Rhode Island Hospital Trust Company never received from the said executors the whole of said legacy of $25,000, but only received the sum of $24,634.62, it can therefore only be held accountable for the last-named sum.

Were this statement strictly true, we should of course agree with him ; for it goes without saying that a trustee cannot be held responsible for more than is committed to him. But it is not. The case shows that said executors not only paid to the trustee the sum of $24,634.62, but that they also paid to it the further sum of $631.14, this being the income which accrued on said fund while in their hands as executors. The

fact is, therefore, that the trustee has received a total of $25,265.76 from the executors; and hence the complainant's argument is without weight; for it can make no possible difference whether the whole amount received consisted of principal or interest. It was a fund turned over to the trustee to administer under said trust, and, having accepted it, the trustee is responsible for its proper administration.

That it was in error in paying over to the complainant said sum of $631.14, without deducting therefrom the amount of the tax paid by the executors on his interest in said trust fund, is apparent. But it does not follow that the trustee may not properly correct said error by withholding so much of the income subsequently accruing on said trust fund as will make it whole. And as this is all that the trustee has in fact done, by withholding the amount now sued for, it is very clear that the complainant has no just ground of complaint.

As to the point made by complainant's counsel, that if said legacy tax was due and payable from the life tenant it was the duty of the executor to settle with the life tenant for it, as a debt due from him to the estate, it is sufficient to reply that the only duty devolved upon the executors in the premises was to pay over to the said trustee the amount given to it in trust, as aforesaid, together with any accumulations of income arising therefrom while it was in their control. In other words, they had no occasion or authority even, to make any settlement with the complainant personally.

As the counsel for complainant cites no cases in support of the position taken by him in the bill, it is fair to assume that none can be found.

For the reasons thus given we are of opinion that the complainant is not entitled to the relief prayed for, and therefore the bill must be dismissed.

*Amasa M. Eaton*, for complainant.

*Tillinghast & Tillinghast*, for respondents.